UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:05CV-65-R

JOHN SCHEJBAL, ET AL.                                                                                   PLAINTIFFS

v.

FAULKNER ENGINEERING
AND CONSTRUCTION, INC., ET AL.                                                           DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the court on Defendants' Motion to Dismiss (Dkt. # 7). The Plaintiffs have responded (Dkt. # 10) and the Defendants have replied (Dkt. # 13). The matter is now ripe for decision. For the reasons that follow, the Motion to Dismiss is **GRANTED in part and DENIED in part**.

**BACKGROUND**

Plaintiffs John and Jeri Schejbal brought this action after a dispute with the Defendants Ronald C. Faulkner, Dennis Faulkner, and Faulkner Engineering and Construction, Inc. ("Faulkner Construction") about the construction of their home in Eddyville, Kentucky. On April 9, 2004, the Schejbals signed a contract with Faulkner Construction to construct their home for a price of $326,898. The Schejbals financed the construction with a construction loan for $160,000 with Fifth Third Bank and a mortgage on their Illinois home. Fifth Third Bank paid Faulkner Construction based on percentage of completion of the home.

On October 31, 2004, the Faulkners and Faulkner Construction informed the Schejbals that their home was $114,000 over budget. On November 7, 2004 Faulkner Construction presented an invoice to Fifth Third Bank for $94,869.64, but based on percentage completion of the home, Fifth Third Bank only paid $10,709 to Faulkner Construction. Faulkner Construction demanded that the

Schejbals pay the balance. When the Schejbals refused, Faulkner Construction ceased working on the Schejbal home on November 28, 2004. The Schejbals allege that significant damage to their home has occurred because work was stopped at a critical stage. The Schejbals are alleging claims of breach of contract, fraudulent or negligent misrepresentation, and declaratory judgment.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir. 1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

## DISCUSSION

Defendants argue that Dennis and Ronald Faulkner should be dismissed as parties to this lawsuit. The Schejbals have agreed to dismiss the breach of contract claim against Dennis and Ronald Faulkner but argue that the claims for negligent or fraudulent misrepresentation should remain.

Defendants make two arguments. First, the alleged misrepresentations were acts of the corporation not acts of the Faulkners. Ky. Rev. Stat. § 271B.6-220(2) ("Unless otherwise provided in the articles of incorporation, a shareholder of a corporation shall not be personally liable for the acts or debts of the corporation except that he may become personally liable by reason of his own acts or conduct."). Second, the misrepresentations were not related to a present or pre-existing fact but were a promise of statement of future intent. *Brooks v. Williams*, 268 S.W.2d 650, 652 (Ky. 1954); *Schroerlucke v. Hall*, 249 S.W.2d 130, 131 (Ky. 1952). Either of these arguments may ultimately prevail, but at this point in the litigation the court can only consider the facts as alleged in the complaint. At this point, the Schejbals have sufficiently alleged that these were acts of the Faulkners not Faulkner Construction. Further, the Schejbals have alleged that the Faulkners made a misrepresentation as to a present fact–the house was being built as agreed in the contract when in fact the Schejbals claim that they discovered it was not being built on budget. There is not enough information about the misrepresentations made before the contract was signed to determine whether they were about present facts. Therefore, the misrepresentation claims continue.

## CONCLUSION

The parties agree that the breach of contract claims against the Faulkners are dismissed. The Motion to Dismiss all other claims against the Faulkners is **DENIED**.

3